UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 07-110-DCR |
| ) | |
| V. ) | |
| ) | |
| WAYNE REID and DONNA REID, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Defendants' Motion to Disqualify Assistant United States Attorney Stephen C. Smith from prosecuting the criminal case against Wayne Reid and Donna Reid [Record No. 86]. Having reviewed the Defendants' motion and memorandum together with the United States Response, and having heard arguments of counsel, the Court will deny the Defendants' motion as being without factual or legal merit.

**I.   Background**

The United States Attorney for the Eastern District of Kentucky recently hired Jason Parman as an Assistant United States Attorney ("AUSA") in the London, Kentucky, office. Prior to becoming an AUSA, Parman was employed as a United States Probation Officer in London, Kentucky. While working as a probation officer, Parman interviewed, conferred with, and accumulated facts about various defendants, including Defendant Wayne Reid. It should be noted that Parman never represented Reid in any legal capacity. Therefore, no

attorney-client relationship was ever established, and the Kentucky Rules of Professional Conduct do not apply to Parman's relationship with Reid while Parman worked as a United States Probation Officer.

Defendant Wayne Reid and his wife, Defendant Donna Reid, are named in a multi-count indictment and are charged with money laundering, conspiracy to commit money laundering, and harboring a fugitive. Wayne and Donna Reid are currently set to stand trial on these charges beginning September 2, 2008, in London, Kentucky. The lead prosecutor for the United States will be Stephen C. Smith, who is employed by the same office that employs AUSA Parman.

The Defendants' have moved on the eve of trial to disqualify AUSA Smith from prosecuting the case under the Kentucky Rules of Professional Conduct, SCR 3.130. Defendants do not allege any actual conflict, but rather assert that "[t]he law, like Caesar's wife, should be above reproach, and the very appearance of a conflict of interest should be avoided." [Record No. 87] Both Defendants have joined in the motion to disqualify, although neither provided any evidence that potentially damaging information was provided to AUSA Parman in his prior position that either could have been – or actually was – passed along to AUSA Smith.

The Defendants' motion to disqualify was scheduled for oral argument on this date: August 28, 2008. During the hearing, the United States presented the affidavit of AUSA Parman to counter the accusations of the Defendants' attorneys. This affidavit outlined AUSA Parman's contacts with Defendants Wayne and Donna Reid while Parman was

employed as a United States Probation Officer. In relevant part, the affidavit outlines one conversation between Parman and AUSA Smith in which AUSA Parman declined to be present during the upcoming trial due to the fact that he had previously monitored Wayne Reid on pretrial release. The affidavit provides, in relevant part, that:

> During the interview process, . . . the issue of potential conflict between cases I handled at the United States Probation Office was discussed. [AUSA Smith] and I agreed that I would not participate in those cases in which I had an active role while employed with the United States Probation Office. The sole conversation I have had with AUSA Smith regarding Wayne Reid occurred approximately three weeks ago. AUSA Smith stated that he had a case set for trial, and inquired whether I would be interested in being present, for educational purposes, during the trial. When AUSA Smith stated that the case involved Wayne Reid, I informed AUSA Smith that Reid was a defendant that I had supervised. AUSA Smith recalled that being the situation, and we have since had no conversation about the case.
>
> I am aware of no information that was shared by Wayne Reid, or that I learned during the course of supervising Wayne Reid, that relates in any way to his current federal charges. My relationship with Wayne Reid dealt solely with questions pertaining to his release conditions. I have had no conversations with anyone in the United States Attorney's Office about Wayne Reid's case, other than the one previously outlined with AUSA Smith.
>
> I never had any contact with Donna Reid, other than incidental phone or personal contact while supervising Wayne Reid. I did not conduct Donna Reid's pretrial services investigation, and I never supervised Ms. Reid. I am aware of no facts or circumstances related to Donna Reid's current charges, and have had no conversations with anyone in the United States Attorney's Office about her case.

In short, the affidavit establishes that no confidential or other information has been shared with AUSA Smith that might be used to the Defendants' detriment during the upcoming trial.

**II.     Analysis**

Federal prosecutors are subject to state ethics guidelines to the same extent and manner as other attorneys in that state. 28 U.S.C. § 530B(a). Therefore, federal prosecutors in the Eastern District of Kentucky are subject to the Kentucky Rules of Professional Conduct, which, among other things, govern conflicts of interest. The Defendants' argue that the interaction AUSA Parman had with Wayne Reid as a probation officer creates a conflict that disqualifies not only AUSA Parman, but also AUSA Smith, and presumably all prosecutors in the London office, from prosecuting the Defendants. The Defendants base their Motion for Disqualification on SCR 3.130-1.10, which governs imputed disqualifications. SCR 3.130-1.10(a) states that, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when anyone of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9, or 2.2." However, even if AUSA Parman's interaction with Reid disqualified Parman from prosecuting Reid, SCR 3.130-1.10(a) would not impute the disqualification to any other AUSA.

While SCR 3.130-1.10 states the general rules of imputed disqualification, SCR 3.130-1.11 deals with specific issues of disqualification when an attorney moves between private and government employment. In the matter currently before the Court, the attorney in question moved from one governmental position to another. However, this Court still looks to SCR 3.130-1.11 for guidance on the matter, since this is the code section dealing with conflicted attorneys in government agencies.

The Defendants' supporting memorandum highlights SCR 3.130-1.11(c)(1) which states that:

> Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not: (1) Participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter;

SCR 3.130-1.11(c) is limited by Comment 9 which clearly and unequivocally provides that, "[p]aragraph (c) does not disqualify other lawyers in the agency with which the lawyer in question has become associated." It should be noted that the comments to the rules are meant as a guide to interpreting the rules, and do not have the same force as law. *Whitaker v. Commonwealth*, 895 S.W.2d 953, 956 (Ky. 1995). However, Comment 9 along with other comments to SCR 3.130-1.11[1] and holdings within the circuit support the United States' position that disqualification of AUSA Parman would not be imputed to AUSA Smith and/or the entire office. *See United States v. Caggiano*, 660 F.2d 184 (6th Cir. 1981) ("'When the disciplinary rules . . . mandate the disqualification of a government lawyer who has come from private practice, his governmental department or division cannot practicably be rendered incapable to handle even the specific matter,'" quoting ABA Committee on Professional Ethics Formal Opinion 342, 62 A.B.A.J. 517 (1976)).[2]

---

[1] Comment 3 to SCR 3.130-1.11 cautions that "the rules governing lawyers presently or formerly employed by a government agency should not be so restrictive as to inhibit transfer of employment to and from the government."

[2] This ethics opinion interpreted the ABA Model Code of Professional Responsibility Rule DR 5-105(D), which stated that, "[i]f a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, or associate, or any other lawyer affiliated with him or

Based on this Court's analysis of SCR 3.130-1.11, as limited by Comment 9, it is clear that the Kentucky Rules of Professional Conduct do not require the disqualification of a new employee of a government agency to be imputed to the entire agency. Therefore, regardless of whether AUSA Parman is disqualified from prosecuting the Defendants based on his previous interactions with Reid while serving as a probation officer, neither AUSA Smith nor any other attorney in the London Office of the United States Attorney for the Eastern District of Kentucky will be disqualified from participating in the trial of Defendants Wayne and Donna Reid.

### III.    Conclusion

It is hereby **ORDERED** that the Defendants' Motion for Disqualification [Record No. 86] is **DENIED**.

This 28th day of August, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

his firm, may accept or continue such employment." The Model Code of Professional Responsibility was superseded in 1983 by the adoption of the ABA Model Rules for Professional Conduct. Model Rule 1.10(a) is the successor of DR 5-105(D) and contains the language found in SCR 3.130-1.10(a).