UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL CASE NO. 6:07-110-DCR
CIVIL CASE NO. 6:11-7190-DCR

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                      **REPORT AND RECOMMENDATION**

DONNA REID                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On November 17, 2011, Defendant Donna Reid, *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 191). On February 2, 2012, the United States filed a joint Response in opposition to Defendant Reid's Motion as well as the separate § 2255 Motion filed by Defendant's husband Wayne Reid.[1] (R. 206). Defendant was thereafter given the opportunity to file a Reply to the United States' Response, to be filed by February 21. (R. 207). Defendant did not file a Reply, and the time for doing so pursuant to the Court's Order (R. 207) has expired.[2] Having all relevant documents before the Court, this matter is now ripe for consideration

---

[1] The United States had earlier filed a motion requesting that the § 2255 motions separately filed by Wayne Reid and Donna Reid be consolidated for purposes of permitting a joint response by the Government. (R. 200). Although District Judge Reeves granted that request by Order dated December 21, 2011 (R. 201), on January 11, 2012, Defendant Wayne Reid filed Objections to the United States' motion for leave to file a joint response. (R. 204). The Court viewed Defendant's Objections as a request to reconsider the grant of consolidation of the two cases for the purposes of a joint response. Defendant Wayne Reid's request was denied because the Objections failed to articulate any substantive reason why the United States should not be permitted to file a joint response. (R. 205).

[2] While Defendant did not file a Reply addressing the merits of the United States' Response, on February 21, 2012, the deadline for filing a Reply to the United States' Response, Defendant filed an Objection to the United States' Motion to Hold Proceedings in Abeyance/Consolidate with Donna Reid's Response. (R. 209). This further Objection is moot, the United States' request having already been granted and its combined Response filed. [Footnote continues on next page.]

and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is **recommended** that the District Court **deny** Defendant's Motion to Vacate.

## I. BACKGROUND

On December 19, 2007, Defendant Donna Reid's husband, Wayne Reid, was indicted by a federal grand jury sitting in the Eastern District of Kentucky, charged with one count of conspiracy to commit money laundering, two counts of money laundering, one count of harboring a fugitive, and one count of forfeiture of all real and personal property which constituted or was derived from proceeds traceable to the violations set forth in the indictment. (R. 1). The grand jury ultimately returned a second superseding indictment on June 18, 2008, which second superseding indictment added Donna Reid as a Defendant, charging her with one count of conspiracy to commit money laundering, two counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), one count of harboring a fugitive, and one count of forfeiture of all real and personal property which constituted or was derived from proceeds traceable to the violations set forth in the indictment. (R. 55-2).

---

[Continuation of Footnote 2 from preceding page.] In addition, Defendant's further Objection also appears to argue that the trial of the charges against Wayne Reid and Donna Reid should not have been consolidated. (R. 209, p. 3 "The government in consolidating both defendants at trial clearly establishes prejudice and manifest injustice."). To the extent this Objection filing is, in fact, intended to raise a challenge to the Defendants being tried together, this argument was not presented in Defendant's § 2255 motion and is therefore waived. *See Hadley v. United States*, No. 1:09-CV-278, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010) ("It is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief."). *See also* Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (The motion must "specify *all* the grounds for relief available to the moving party.") (emphasis added). Moreover, Defendant has failed to identify where in the underlying criminal record a written or oral motion for severance was made, and a review of the record does not reveal such a motion. Therefore, since no written or oral motion to sever was made, even if this ground had been properly presented in Defendant's § 2255 motion, it would have been denied. *See United States v. Vandervelden*, Nos. 89-1354, 89-1355, 1990 WL 51380, at *4 (6th Cir. April 23, 1990) (Sixth Circuit recognizing that a defendant's failure to request severance during the trial waives any prejudice that may have arisen from a joint trial).

On September 17, 2008, following a ten-day jury trial, Defendant Donna Reid was found guilty of one count of conspiracy to launder drug money, six counts of money laundering of drug proceeds, and one count of harboring a fugitive. (R. 115, 150). The jury also returned a separate verdict for forfeiture of $800,000.00. (R. 122-2). On January 29, 2009, the District Judge sentenced Defendant to 188 months on the conspiracy count, 188 months on each of the money laundering counts, and 60 months on the harboring a fugitive count, with each sentence to run concurrently, for a total term of imprisonment of 188 months. (R. 150). On February 3, 2009, Defendant appealed her conviction to the United States Court of Appeals for the Sixth Circuit. (R. 151). On November 30, 2010, the Sixth Circuit affirmed the judgment of the District Court. (R. 178).

On November 17, 2011, Defendant filed the pending motion pursuant to 28 U.S.C. § 2255. (R. 191). Defendant's Motion presents four grounds for relief, although ground four could be included within ground three: (1) prosecutor misconduct; (2) ineffective assistance of counsel; (3) actual innocence of all counts; and (4) actual innocence of the conspiracy count.[3] (R. 191).

**II.     ANALYSIS**

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief on grounds that his sentence violated the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude

---

[3] Ground four was characterized as "Cconspiracy [sic], To convict the appellant of conspiracy to launder money in Count One." (R. 191, at 24). However, a review of the supporting facts to this claim, and the absence of a discussion of Defendant's actual innocence of the conspiracy count in ground three of the Motion, leads the Court to conclude that Defendant is arguing that she is actually innocent of the crime of conspiracy.

3

which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

### A.     Claims Appealed to Sixth Circuit May Not Be Relitigated

#### (1) Prosecutor misconduct[4]

In ground one, Defendant alleges that the Assistant United States Attorney improperly vouched for the credibility of cooperating witnesses Amy Hoskins, Shawn Hensley, and "four convicted drug dealers." (R. 191, at 5, 8). Defendant also claims that the "prosecutor's failure to disclose the requested impeachment evidence is a violation of 'Due Process' under the 'Fifth and Fourteenth' Amendment." (*Id.* at 8). Specifically, Defendant argues that the District Court erred in not allowing her to impeach Amy Hoskins regarding her "adulterous relationship" with Shawn Hensley. (*Id.* at 11). These grounds were raised on direct appeal to the Sixth Circuit Court of Appeals, and the Sixth Circuit held that these claims were without merit. (R. 178). A § 2255 motion may not be employed to relitigate an issue that has already been raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Here, Defendant raises the same grounds of prosecutorial misconduct that she raised on her direct appeal to the Sixth Circuit. (*See* R. 178). The Sixth Circuit found her claims to be without merit and affirmed the judgment of the District Court. (*Id.*). Defendant has cited no relevant change

---

[4]Although ground one includes the prosecutor misconduct claims Defendant appealed to the Sixth Circuit, Defendant also includes several other claims in this ground regarding whether the jury instructions were proper and whether the United States proved her guilt beyond a reasonable doubt. (R. 191, at 10). These claims are addressed on their merits in Section B.

in the law, nor has Defendant indicated any other highly exceptional circumstance as to why this Court should hear her claims that have already been determined against her by the Sixth Circuit. Therefore, review by this Court is barred.

### B. Additional claims raised within ground one lack merit[5]

Also within ground one, Defendant appears to raise unrelated claims that the Government did not meet its burden in proving guilt beyond a reasonable doubt, and that the jury instructions were improper in incorrectly defining "reasonable doubt" and in failing to include that all elements of the crimes of conviction must be proven beyond a reasonable doubt.[6] (R. 191, at 10).

Regarding Defendant's sufficiency of the evidence claim, the Court has examined the trial record, and finds that the Government did meet its burden in providing sufficient evidence to prove guilt beyond a reasonable doubt. There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

---

[5] While Defendant states that she appealed her prosecutor misconduct claim, it is not clear from her § 2255 motion whether she appealed the additional claims raised within ground one or appealed her actual innocence claims raised in grounds three and four. (R. 191). Defendant would have had to raise these claims on direct appeal in order for them to escape procedural default, unless she could show cause to excuse her failure to raise the claims previously and actual prejudice resulting from the alleged violation. *See Bousley v. United States,* 523 U.S. 614, 621 (1998). The appellate record available to this court does not clarify whether she raised these issues on direct appeal. The Sixth Circuit did not mention these grounds of error, or address their merits. (*See* R. 178). Nor does the United States, in its Response to Defendant's § 2255 motion, argue that Defendant failed to raise these claims on direct appeal. (*See* R. 206). Based on these discrepancies, the Court will assume for the purposes of this § 2255 motion that Defendant did raise these grounds on direct appeal to the Sixth Circuit, that the Sixth Circuit declined to address them on their merits, and that they are therefore not procedurally defaulted.

[6] Within this argument, it is unclear whether Defendant is attempting to raise an additional ground that the Assistant United States Attorney made false statements and that the issue of the materiality of these false statements should have been submitted to the jury. (R. 191, at 10). To the extent that Defendant is raising such a ground, it must be denied because Defendant does not indicate what statements were allegedly false. Further, a review of the trial transcripts fails to indicate what statements of the Assistant United States Attorney could be considered false.

have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (emphasis in original).  As noted above, Defendant was convicted of several counts of money laundering, conspiracy to commit money laundering, and harboring of a fugitive.[7] (R. 116, 150).  At trial, there was ample evidence for a rational trier of fact to find that Defendant was guilty of the crimes she was convicted of.[8]  Further, in support of this argument, Defendant has not pointed to any particular crime or element of a crime that was not proven beyond a reasonable doubt, and has instead only made conclusory statements.  Conclusory statements are insufficient to warrant § 2255 relief.  *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (Sixth Circuit acknowledging that conclusory statements are insufficient to warrant § 2255 relief).  *See also United States v. Obenshain*, No. 10-07145-KSF-JGW, 2011 WL 3608190, at *5 (E.D. Ky. June 21, 2011).  Therefore, this claim is without merit.

Regarding her jury instructions claim, Defendant states:

> The government's failure to meet its' [sic] burden of proof results in the appellant's **aquittal** [sic], and a miscarriage of justice.  The appellant **must** also be aquitted [sic] if the Court defines reasonable doubt in a way that impremissibly [sic] eases the prosecutions [sic] burden of proof.  The omissions from the jury instructions of any element that the prosecutor must prove beyond a reasonable doubt may require reversal of the appellant's conviction.

(R. 191, at 10) (emphasis in original).  Defendant seems to allege that the Court defined reasonable doubt in a way that eased the Government's burden of proof, and that the presiding District Judge

---

[7]As explained above, the jury also returned a separate verdict of forfeiture for $800,000. (R. 122-2).

[8]Specifically, there was evidence of substantial amounts of largely unaccounted-for money deposited into Defendant's bank accounts in less than $10,000 increments as to escape detection from the CTR reporting requirement; largely unaccounted-for funds used to buy equipment and properties; an acknowledgment by Defendant that she had "heard" that Larry Jackson was a fugitive when she visited him and loaned him money; evidence of interaction between Defendant and drug dealers; and several witnesses who testified about the existence of the conspiracy.  (*See* R. 163, 164, 165, 166, 170, 171, 172, 174).

indicated while instructing the jury that the United States did not need to prove each element of every crime beyond a reasonable doubt. (*Id.*). A review of the jury instructions in this case shows that the approved Sixth Circuit pattern criminal jury instructions were used in defining reasonable doubt. (R. 175, at 147). In addition, the District Judge employed the Sixth Circuit pattern criminal jury instructions when he instructed the jury that "[t]he government must prove every element of the crimes charged beyond a reasonable doubt." (*Id.* at 147). The jury instructions were proper, and therefore this claim is without merit.

### C.  Defendant's Remaining Claims Lack Merit

Defendant also raises additional grounds in her § 2255 motion: ineffective assistance of counsel and actual innocence of all counts.[9]

#### (2)  Ineffective assistance of counsel

In ground two, Defendant argues that her attorney "did not investigate '(h)er' case and gave bad advice and misleading representation." (R. 191, at 12). Defendant further alleges that counsel "did not object and did not file motions to surpress [sic] evidence." (*Id.* at 13). Defendant also cites violations of Federal Rules of Criminal Procedure 32, 52, and 11 as indicative of counsel being deficient, but does not state how the rules governing pleas, sentencing and judgment, and harmless and plain error apply to the facts of this case. (*Id.*). Defendant also argues that counsel did not advocate her theory of the case. (*Id.* at 15). Defendant claims that she did not raise this issue on appeal because her attorney told her "it would be a waist [sic] of time." (*Id.* at 17). Defendant also

---

[9]Grounds three and four could be considered one ground: actual innocence of all counts. (R. 191, at 17-24). With respect to these grounds, the Court will assume for the purposes of this § 2255 motion that these claims are not procedurally defaulted, and will address them on their merits. *See supra* note 5.

7

seems to request that the Court look beyond the procedural default and address this ineffective assistance of counsel claim on the merits.[10]  (*Id.* at 15).

First, the Court notes that while Defendant seems to request that the Court overlook the procedural default of her ineffective assistance of counsel claim, such claim is not procedurally defaulted.  Although the claim was not raised on direct appeal, ineffective assistance of counsel claims are usually not cognizable in a direct criminal appeal, and are more properly raised in a § 2255 proceeding.  *See Massaro v. United States*, 538 U.S. 500, 504-05; *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005).  Therefore, the ground is not procedurally defaulted, and the Court will address the claim on its merits.

In order for a defendant to prove that counsel was so ineffective as to require reversal of a conviction, the defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  For counsel's performance to be considered deficient, there must be a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  In order to show that counsel's performance prejudiced the defense, there must be a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*  To succeed on a claim of ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When reviewing counsel's performance,

---

[10]Defendant states in the corresponding supporting facts section to her claim of ineffective assistance of counsel: "[i]f the appellant can demonstrate that she is actually innocent of the underlying criminal offenses, the Federal Court will look beyond the federal default and address the underlying constitutional claim." (R. 191, at 15).  Defendant then states that she is innocent.  (*Id.*).

judicial scrutiny must be highly deferential. *Id.* at 689. In addition, the defendant must overcome the presumption that the challenged action "might be considered sound trial strategy." *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

Here, while Defendant claims that counsel was ineffective for not investigating the case, she does not indicate specifically what counsel failed to investigate. (R. 191, at 12). Defendant argues that counsel "gave bad advice and misleading representation," but does not explain what advice was poor, or how counsel's representation was misleading. (*Id.*). Defendant claims that counsel "did not object," but does not state what counsel should have objected to. (*Id.* at 13). Defendant argues that counsel did not file motions to suppress evidence, but does not indicate what evidence should have been suppressed. (*Id.*). Defendant claims that counsel failed to advocate her theory of the case, but does not indicate what her theory was, or how her theory differed from the one presented at trial. (*Id.* at 15). Further, Defendant asserts that counsel violated Federal Rules of Criminal Procedure 32, 52, and 11. (*Id.* at 13). However, Defendant does not explain how these rules were violated. (*Id.*). In his affidavit, Lowell Lundy, trial counsel for Defendant, denied all of Defendant's above-mentioned allegations of ineffective assistance of counsel. (R. 206-2). Mr. Lundy also denied Defendant's assertion that he told her appealing certain issues would be a waste of time. (*Id.* at 3).

Defendant has the burden to show proof of ineffective assistance of counsel, specifically, she must show that her attorney's performance was deficient, and that her defense was prejudiced by counsel's errors. *See Strickland*, 466 U.S. at 687. Here, Defendant has not shown any error in counsel's performance. In support of this claim, Defendant has made only conclusory statements that counsel was ineffective, has failed to indicate any specific errors of counsel, and has failed to provide any evidence to support her claims. Therefore, her ineffective assistance of counsel claims

must be denied. *See Lovejoy,* 1996 WL 331050, at *3 (conclusory statements are insufficient to warrant § 2255 relief); *see also United States v. Obenshain*, 2011 WL 3608190, at *5. Since Defendant has not shown that counsel's performance was deficient in any respect, there can be no prejudice. Defendant's claims of ineffective assistance of counsel are without merit.

### (3) Actual Innocence of All Counts and (4) Actual Innocence of Conspiracy Count[11]

These grounds are addressed together because each ground addresses Defendant's innocence of each count of conviction. In ground three, Defendant claims she is actually innocent of her money laundering, harboring a fugitive, and forfeiture counts. (R. 191, at 17-23). In ground four, Defendant claims she is actually innocent of her conspiracy to commit money laundering count. (*Id.* at 24). It is unclear whether Defendant intended to raise the issue of actual innocence of all counts as a "freestanding claim" or as a "gateway claim" in order to excuse procedural default.[12] *See House v. Bell*, 547 U.S. 518 (2006). Since the Court has already determined that actual innocence as a "gateway claim" is not appropriate in this case to bypass procedural default, the Court will address this ground to the extent possible as a "freestanding claim."

---

[11] These grounds were titled "Actual Innocent of All Counts" and "Cconspiracy, To convict the appellant of conspiracy to launder money in Count One." (R. 191, at 17, 24).

[12] In her § 2255 motion, Defendant lists as a separate ground "actual innocent [sic] of all counts." (R. 191, at 17). In the supporting facts section to this ground, Defendant describes each crime she was convicted of, with the exception of the conspiracy count that is discussed in ground four, and states that she is actually innocent of each crime. (*Id.* at 17-23). However, Defendant also states, "[t]he appellant can demonstrate that she is actually innocent of the under-lying [sic] criminal offenses. The appellant moves this honorable court to look beyond the procedure [sic] default to address the underlying claims." (*Id.* at 17). However, within this ground, Defendant does not state which constitutional claims she is requesting the Court look beyond the procedural default and consider. Since the Court has already found that there was no procedural default to overlook regarding Defendant's ineffective assistance of counsel claim, and the Court credits Defendant's assertion that she raised grounds three and four on appeal, the Court assumes for the purposes of this § 2255 motion that Defendant attempts to raise a "freestanding" actual innocence claim.

While the Supreme Court has never held that a "freestanding" actual innocence claim is cognizable in a non-capital case, it has recognized that a "freestanding" actual innocence claim could be possible in a capital case. *Herrera v. Collins*, 506 U.S. 390, 417 (1993) ("in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."); *see also House*, 547 U.S. at 554-55. However, in *Herrera*, the Supreme Court reasoned that the "threshold showing for such an assumed right would necessarily be extraordinarily high." 506 U.S. at 417. In *House*, the Supreme Court declined to resolve the issue of whether there is a cognizable "freestanding" actual innocence claim, but concluded that if there was, the showing of actual innocence would require more convincing proof than the "gateway" actual innocence claim espoused in *Schlup v. Delo*, 513 U.S. 298 (1995).

In order to make a claim of actual innocence under *Schlup*, the defendant must present evidence of innocence so compelling that it undermines the Court's confidence in the criminal proceeding's outcome of conviction. 513 U.S. at 316. The Supreme Court in *Schlup* indicated that in order to make a credible actual innocence claim, the defendant must present new reliable evidence, such as exculpatory scientific evidence, eyewitness accounts, or physical evidence that was not presented at trial. 513 U.S. at 324. Here, assuming the claim is properly before the Court, Defendant has not offered any evidence of her actual innocence; she has only advanced conclusory assertions of actual innocence. (R. 191, at 17-25). As noted above, conclusory statements are insufficient to warrant § 2255 relief. *See Lovejoy*, 1996 WL 331050, at *3. Further, the record is devoid of any new evidence that would show Defendant is actually innocent, and she certainly has not presented any evidence so compelling that it undermines the Court's confidence in the criminal

11

proceeding's outcome of conviction. Since Defendant has not met the lower burden of proof for a "gateway" actual innocence claim, she necessarily has not met the higher burden of proof that would be required for a potential "freestanding" claim. Therefore, assuming that Defendant is raising a "freestanding" actual innocence claim, and to the extent that such a claim is cognizable, it is without merit.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)    Defendant's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (R. 191) be **DENIED;**

(2)    a Certificate of Appealability be **DENIED** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)    this action be **STRICKEN** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 27th day of March, 2012.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 R&R general\07-110 Donna Reid R&R.wpd