UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | Criminal Action No. 6: 07-110-DCR<br>Civil Action No. 6: 11-7190-DCR |
| V. | ) ) | |
| DONNA REID, | ) ) | **MEMORANDUM ORDER**<br>**AND OPINION** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Donna Reid's motion to vacate, set aside, or correct her sentence. [Record No. 191]  On March 27, 2012, United States Magistrate Judge Candace J. Smith recommended that Reid's motion be denied. [Record No. 211][1]  For the reasons that follow, the Court agrees with the recommendation of the Magistrate Judge.

**I.**

As outlined in the Magistrate Judge's Report and Recommendation, Defendant Donna Reid and her Husband, Wayne Reid, were indicted by a federal grand jury in 2007.  A second superseding indictment was filed on June 18, 2008, charging Donna Reid with one count of conspiracy to commit money laundering, several counts of money laundering, one count of harboring a fugitive, and one forfeiture count.  Both defendants were convicted following a ten-

---

[1]    Neither party has submitted timely objections to the Magistrate Judge's recommendations. Notwithstanding the lack of objections, the undersigned has conducted a *de novo* review of this matter.

day jury trial which was held in September 2008. Both Defendants were sentenced on January 29, 2009, with Donna Reid being sentenced to a term of imprisonment of 188 months, followed by a term of supervised release of two years. [Record No. 150] Thereafter, both defendants filed direct appeals with the United States Court of Appeals for the Sixth Circuit. [Record Nos. 151, 152]

On November 30, 2010, the Sixth Circuit affirmed the convictions and sentences of both Defendants Wayne and Donna Reid. [Record No. 178] The opinion entered by the appellate court on that date addressed, *inter alia*, the defendant's claims of prosecutorial misconduct (*i.e.*, improper vouching for the credibility of trial witnesses Day, Jackson, Sherry, Stewart, and Hoskins); claimed errors involving limitations placed on impeachment of witnesses presented by the government during trial (*i.e.*, Hensley and Hoskins); and claimed errors concerning limits placed on character evidence offered by the co-defendant. Following issuance of the mandate by the Sixth Circuit, both defendants filed habeas motions under 28 U.S.C. § 2255. Defendant Donna Reid's motion presents either three or four substantive grounds for relief, depending on how her final claim is characterized. Each claim is addressed in the Magistrate Judge's March 27, 2012, Report and Recommendation. [Record No. 211]

## II.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Reid's § 2255 motion.

As outlined in the Magistrate Judge's Report and Recommendation, the defendant may not relitigate claims which were properly presented to the Sixth Circuit as part of her direct appeal. This includes claims that, during trial, the Assistant United States Attorney improperly vouched for the credibility of a number of cooperating witnesses or that this Court erred in limiting impeachment testimony regarding an "adulterous relationship" involving two witnesses. Where, as here, the defendant attempts to raise the same grounds that were raised in a direct appeal and cites no relevant change in the law or other exceptional circumstances justifying relief, such claims are barred. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

Likewise, Defendant Donna Reid has not demonstrated that the United States did not meet its burden of proof in proving her guilt beyond a reasonable doubt. Additionally, she has not shown that the jury instructions were improper in defining "reasonable doubt" or that they did not include all elements of the crimes of conviction. Instead, sufficient evidence was presented at trial to support the counts of conviction. And as the Magistrate Judge notes in her Report and Recommendation, the defendant "has not pointed to any particular crime or element

of a crime that was not proven beyond a reasonable doubt, and has instead only made conclusory statements" which are insufficient to warrant habeas relief. [Record No. 221, p. 6]

The Magistrate Judge also correctly concluded that the defendant's remaining claims of error lack merit. Although Reid made general claims of ineffective assistance of counsel, she has not indicated specifically what her attorney failed to do, what advice he provided that was poor or incorrect, or how his representation was misleading. With respect to issues of suppression, the defendant has not identified what evidence was improperly introduced but which should have been suppressed. In short, under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), the defendant has not shown either that her attorney's performance was defective or that such defective performance prejudiced her defense. Finally, Reid has not demonstrated that she is entitled to relief from the sentence imposed based on a claim of actual innocence.[2]

### III.

Defendant Donna Reid has not demonstrated that she is entitled to collateral relief under 28 U.S.C. § 2255. Based on the analysis and discussion set out above, it is hereby

---

[2] Additionally, Reid has not shown that a Certificate of Appealability should issue. A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Reid has not made a substantial showing of a denial of a constitutional right. Likewise, she has not demonstrated that the issues she now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge [Record No. 211] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Donna Reid's motion to vacate, set aside, or correct her sentence [Record No. 191] is **DENIED** and her habeas filing is **DISMISSED** from the Court's docket.

3. A Certificate of Appealability shall not issue because Reid has not made a substantial showing of the denial of any substantive constitutional right.

This 18th day of April, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge