Eastern District of Kentucky

**F I L E D**

MAY 1 5 2019

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 6: 07-110-DCR |
| | ) |
| V. | ) |
| | ) |
| DONNA REID, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Donna Reid was convicted of money laundering, conspiring to launder money, and harboring a fugitive, in 2008. She was sentenced to 188 months' imprisonment to be followed by two years of supervised release. [Record No. 150] Reid challenged her conviction through direct appeal and collateral attack, but was unsuccessful. [Record Nos. 178, 230] She subsequently filed motions for the appointment of counsel and for a sentence reduction pursuant to retroactive amendments to the United States Sentencing Guidelines. However, the amendments did not affect Reid's guidelines calculation, and her motions were denied. [Record Nos. 256, 261]

The Court most recently received correspondence from Reid requesting appointment of counsel to assist her in seeking relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). [Record No. 268] While Reid has not identified the precise relief sought under the First Step Act, it does not appear that she is entitled to any judicial relief under the Act.

The First Step Act includes sentencing reform provisions, none of which applies to

- 1 -

Reid. Section 401 of the Act restricts enhanced sentencing for prior drug felonies by changing the way predicate convictions are defined. However, the Section 401 amendments do not apply retroactively to defendants who have already been sentenced. Likewise, Section 402 (which broadens the safety valve under 18 U.S.C. § 3553(f)) and Section 403 (which clarifies the "stacking provision" of 18 U.S.C. § 924(c)(1)(C)), do not apply retroactively. Section 404 of the Act permits courts to apply sections 2 and 3 of the Fair Sentencing Act of 2010 retroactively. However, these provisions apply only to crack cocaine and simple possession offenses, neither of which was involved in Reid's conviction.

Section 102 of the First Step Act amended 18 U.S.C. § 3624(b)(1) to allow federal prisoners to earn 54 days of good time credit for each year the sentence is imposed. Pub. L. No. 115-391, § 102(b)(1). However, this provision does not take effect until the Attorney General's completion of the risk and needs assessment described in Section 101, in or around July 2019. *See Sheppard v. Quintana*, No. 5: 19-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. March 8, 2019). Accordingly, any request for relief under this provision would be premature.

The First Step Act also expands the criteria for compassionate release and allows prisoners to appeal the Bureau of Prisons' denial of compassionate release. Pub. L. No. 115-391, § 603(b); 18 U.S.C. § 3582(c)(1)(A). It is unclear whether the defendant meets the criteria to be considered for compassionate release, but there is no indication that she has requested such relief from the BOP. Prisoners must exhaust administrative remedies before seeking judicial relief under Section 603(b), so the Court would be unable to entertain such a request at this time.

Finally, the defendant is not entitled to the appointment of counsel. Section 3582(c)

provides a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009); *United States v. Eversole*, No. 6: 13-07-DCR, 2015 WL 7737495, at *3 (E.D. Ky. Nov. 30, 2015). And 28 U.S.C. § 2241 is properly used for petitions which challenge "the manner in which a sentence is executed," such as challenges to the BOP's calculation of good time credits. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

There is no constitutional right to counsel in either type of proceeding. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *United States v. Bruner*, No. 5: 14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. March 21, 2017). Instead, the Court has discretion to determine whether appointment of counsel is warranted. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). This determination depends on various factors including the complexity of the case and the petitioner's ability to present the issues involved. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Here, the potential issues are straightforward and the record is sufficient to consider any request for relief under the First Step Act. Accordingly, appointment of counsel is unnecessary and would be a waste of resources.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's request for the appointment of counsel [Record No. 268] is **DENIED**. The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order to the defendant at her address of record.

Dated: May 15, 2019.

Judge Danny C. Reeves
United States District Court

- 3 -